IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JEFFREY CROUCH,                    §
TDCJ-CID NO. 862248,               §
                                   §
            Petitioner,            §
                                   §
v.                                 §
                                   §        CIVIL ACTION NO. H-07-2545
NATHANIEL QUARTERMAN, Director,    §
Texas Department of Criminal       §
Justice, Correctional              §
Institutions Division,             §
                                   §
            Respondent.            §

## MEMORANDUM OPINION AND ORDER

Pending before the court is respondent Nathaniel Quarterman's Motion For Summary Judgment with Brief in Support (Docket Entry No. 10). For the reasons stated below, the motion will be granted.

## I.  Factual and Procedural Background

On January 12, 1999, Crouch was convicted of aggravated sexual assault in Denton County, Texas, and sentenced to eighteen years of imprisonment.[1] While incarcerated Crouch was disciplined for failing to report for work.[2] As a result of this disciplinary action Crouch received a thirty-day commissary and cell restriction, and

---

[1]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 2.

[2]See State Court Records, Docket Entry No. 11, Offense Report, received May 1, 2006.

had his classification reduced from an S3 to an S4. However, no good-time credits were taken away.[3]

In response to this action, Crouch filed a grievance. However, respondent returned the grievance without taking any action.[4] Dissatisfied with this result petitioner filed a petition for a writ of habeas corpus in this court.

In his petition, Crouch raised only one claim: that respondent had violated Crouch's right to due process in the disciplinary action. However, Crouch's petition did not clearly indicate either the factual basis underlying his claim or the forms of relief he sought.[5] It was not until Crouch filed his response to respondent's summary judgment motion that these issues became clearer. In his response, Crouch indicated that he sought to challenge not only the results of the disciplinary action, but also the constitutionality of the grievance procedures themselves. But Crouch tacitly acknowledged that he is not challenging his sentence or seeking release from custody.[6]

---

[3]Id., TDCJ Disciplinary Report and Hearing Record.

[4]Petitioner's Response to Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 12, second unnumbered page.

[5]See Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

[6]See Petitioner's Response to Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 12, eighth unnumbered page.

## II. **Analysis**

Respondent contends that he is entitled to summary judgment because Crouch's claims are unexhausted, procedurally defaulted, and meritless. The court agrees that Crouch's claims are unexhausted, and on that basis will grant respondent's motion.

Although not raised by either party, there is an initial question as to whether Crouch has raised a cognizable habeas claim, or whether his claim is best construed as a claim under 42 U.S.C. § 1983. A habeas petition is generally reserved for instances when a prisoner seeks release, or accelerated release, from custody; § 1983 is generally reserved for challenges to unconstitutional conditions of confinement and prison procedures. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). In other words, if a favorable determination of a prisoner's claims would not automatically entitle the prisoner to release or accelerated release, "the proper vehicle is a § 1983 suit," not a writ of habeas corpus. Id. at 820-21 (citing Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995)).

Crouch is challenging the result of his disciplinary hearing, specifically, the change to his classification, and the constitutionality of the grievance procedures. However, as Crouch concedes, his "change in line-class does not inevitably affect the duration of his sentence[.]"[7]  Moreover, a finding that the

---

[7]Petitioner's Response to Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 12, eighth unnumbered page.

grievance procedures are unconstitutional will not require Crouch's immediate or accelerated release. Accordingly, Crouch's due process claim is best construed as a claim under § 1983.

Construing Crouch's due process claim as one under § 1983 will not save it from dismissal, however. Because Crouch is a prisoner and has brought a claim under § 1983, Crouch is subject to the Prisoner Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1947e(a). That act requires inmates to exhaust their claims within the state's administrative procedures "'irrespective of the forms of relief sought and offered through administrative sources.'" Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (quoting Booth v. Churner, 121 S. Ct. 1819, 1825 n.6 (2001) (construing 42 U.S.C. § 1947e(a))). An inmate's failure to exhaust his administrative remedies will generally require dismissal. Id.

In Texas prisoners are required to exhaust a two-step grievance process before filing in federal court: Step 1 requires a grievance to be filed within the prisoner's facility and within fifteen days of the alleged incident; Step 2 requires that the grievance be filed in state court within ten days of an adverse decision. Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). "[A] prisoner must pursue a grievance through both steps for [a claim] to be considered exhausted." Id. Substantial performance does not constitute exhaustion. Wright, 260 F.3d at 358.

Crouch does not dispute that he failed to pursue his grievances through either Step 1 or Step 2 of the Texas grievance

-4-

process.[8]  Instead, Crouch argues that he exhausted his remedies when he filed a Step 1 grievance, a grievance that he admits was returned unprocessed.  This amounts to an argument of substantial performance, which has already been foreclosed by <u>Wright</u>.  <u>Id.</u> After his Step 1 grievance was returned unprocessed Crouch's obligation under the Texas grievance process and the PLRA was to refile the Step 1 grievance, not to file a complaint in federal court.  Therefore, because Crouch failed to exhaust his administrative remedies as required by § 1997e, respondent is entitled to judgment, and Crouch's petition must be dismissed.

### III.  <u>Conclusion and Order</u>

Based on the foregoing, Respondent's Motion for Summary Judgment with Brief in Support (Docket Entry No. 10) is **GRANTED**, and Crouch's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 28th day of March, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[8]See Petitioner's Response to Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 12, third through fifth unnumbered pages.